# EXHIBIT A

# EXHIBIT A
### (Complaint)

Electronically Filed
6/18/2020 3:08 PM
Steven D. Grierson
CLERK OF THE COURT

1  FARHAN R. NAQVI
   Nevada Bar No. 8589
2  PAUL G. ALBRIGHT
   Nevada Bar No. 14159
3  NAQVI INJURY LAW
4  9500 W Flamingo Road, Suite 104
   Las Vegas, Nevada 89147
5  Telephone: (702) 553-1000
   Facsimile: (702) 553-1002
6  naqvi@naqvilaw.com
7  paul@naqvilaw.com
   *Attorneys for Plaintiff*
8

CASE NO: A-20-816803-C
Department 1

9                    **DISTRICT COURT**

10               **CLARK COUNTY, NEVADA**

11  LISA YALOVICH, individually,                 Case No.:

12                    Plaintiff,

13  vs.                                          **COMPLAINT**

14
   COSTCO WHOLESALE CORPORATION
15  d/b/a COSTCO WHOLESALE; DOES 1
   through 100 and ROE CORPORATIONS 1
16  through 100, inclusive,

17
                       Defendants.
18

19       Plaintiff LISA YALOVICH, by and through her attorneys of record, FARHAN R. NAQVI

20  and PAUL G. ALBRIGHT of NAQVI INJURY LAW, alleges against Defendants COSTCO

21
   WHOLESALE CORPORATION d/b/a COSTCO WHOLESALE, DOES 1 through 100 and ROE
22
   CORPORATIONS 1 through 100 (hereinafter collectively referred to as "Defendants") as
23

24  follows:

25  ///

26  ///
27
   ///
28

                              Page 1 of 12

## PARTIES AND JURISDICTION

1. Plaintiff LISA YALOVICH (hereinafter "Plaintiff") is and, at all times relevant herein, was a resident of the State of California.

2. Defendant COSTCO WHOLESALE CORPORATION d/b/a COSTCO WHOLESALE ("Defendant COSTCO"), upon information and belief, is and, at all times relevant herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

3. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants DOES 1 through 100 and ROE CORPORATIONS 1 through 100, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as DOES 1 through 100 and ROE CORPORATIONS 1 through 100 is responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged. The legal responsibility of said Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 arises out of, but is not limited to, their status as owners, maintainers, managers, operators, inspectors, controllers, entrustors, constructors, cleaners and/or installers of the subject premises and/or the area where the alleged incident occurred as described more fully below, including, but not limited to, cleaning and/or maintenance companies and their employees, representatives and/or agents, and/or their status as creators, owners, maintainers, managers, operators, inspectors, controllers, entrustors, constructors, cleaners and/or installers of the subject dangerous condition described below and/or objects concerning the subject dangerous condition, and/or their agency, master/servant or joint venture relationship with the otherwise responsible parties, including any other entities who are

1   also responsible for the events and claims asserted herein, such as parent and subsidiary

2   companies affiliated with the named or otherwise responsible entities.  Moreover, upon

3   information and belief, Defendant DOES 1 through 100 and ROE CORPORATIONS 1

4   through 100 were involved in the initiation, approval, support or execution of the

5   wrongful/negligent acts upon which this litigation is premised, or of similar actions against

6
    Plaintiff of which Plaintiff is presently unaware.  Plaintiff will ask leave of this Honorable

7   Court to amend this Complaint to insert the true names and capacities of said defendants

8
    and, when the same have been ascertained, to join such defendants in this action together

9
    with the proper charging allegations.
10

11  4.   That at all times pertinent, Defendants were agents, servants, employees, or joint venturers

12       of every other defendant herein and, at all times mentioned herein, were acting within the

13       course and scope of said agency, employment, or joint venture with knowledge,

14       permission and consent of all other named Defendants.
15

16  5.   At all times relevant herein, Defendant COSTCO employees, representatives and/or

17       authorized agents contributed to and/or caused the circumstances resulting in the subject

18
         incident described below, and said Defendants, employees, representatives and/or agents
19

20       were acting within the course and scope of such employment and/or agency at the time,

21       thereby rendering Defendant COSTCO liable for the negligent acts of said Defendants,

22       employees,   representatives   and/or   agents   under   the   doctrine   of   vicarious

23       liability/respondeat superior.   The true names and capacities of these employees,

24       representatives and agents are presently unknown to Plaintiff at this time, who therefore

25       identifies said individuals by the collective fictitious name of "DOE EMPLOYEES."
26

27

28

1    When the true names and capacities of these individuals are ascertained, Plaintiff will seek

2    to amend this Complaint as necessary.

3  6.   That the facts and circumstances that give rise to the subject lawsuit occurred in Clark

4    County, Nevada on the premises of Costco Wholesale located at 801 S. Pavilion Center

5    Dr., Las Vegas, Nevada 89144 (hereinafter the "Premises"), which, upon information and

6    belief, at all times mentioned herein, was owned, maintained, managed, operated, and/or

7    controlled by Defendants and/or that Defendants were otherwise responsible for the area

8    on the Premises where the subject incident occurred and/or that Defendants were otherwise

9    responsible for the subject dangerous condition that is described more fully below and/or

10   that Defendants are otherwise responsible for the subject incident and/or Plaintiff's

11   resulting damages.

14  7.   This Court has jurisdiction over this matter as this is a civil action arising from an incident

15    that occurred in Clark County, Nevada and involves an amount in controversy in excess

16    of the sum of $15,000.00, exclusive of costs and interest.

**GENERAL FACTUAL ALLEGATIONS**

19  8.   That on June 25, 2018, Plaintiff was walking near a flower display at the Premises when

20    she slipped on a substance located on the floor, which, upon information and belief, was

21    insufficiently slip resistant (hereinafter referred to as the "Dangerous Condition"), causing

22    her to fall to the ground. The Dangerous Condition was at all times concealed to Plaintiff

23    as there was no sign or other warning of this Dangerous Condition perceivable by Plaintiff

24    prior to the subject incident, and it was not detectable to her.   As a result of the fall,

26    Plaintiff sustained numerous traumatic injuries.

27  ///

9.  Upon information and belief, at all times mentioned herein, Defendants owned, maintained, managed, operated, directed, controlled, created and/or were otherwise responsible for the Premises and/or the area where the Dangerous Condition was located, and/or were otherwise responsible for the Dangerous Condition, and/or were otherwise responsible for the subject incident and/or Plaintiff's resulting damages.

10. · Upon information and belief, Defendants, including DOE EMPLOYEES, knew or reasonably should have known of the Dangerous Condition, and/or caused the Dangerous Condition to exist.

11. That Defendants, including DOE EMPLOYEES,  failed to adequately warn, caution, place signs, or otherwise make safe the Dangerous Condition existing on or about the Premises.

12. Upon information and belief, Defendants' employees, represenatives and/or authorized agents, including DOE EMPLOYEES, were in or around the Dangerous Condition immediately prior to the subject incident, that DOE EMPLOYEES caused and/or had actual and/or constructive notice of the Dangerous Condition.

13. Upon information and belief, Defendants, including DOE EMPLOYEES, knew, reasonably should have known and/or caused the Dangerous Condition to exist.

14. That Defendants, including DOE EMPLOYEES, failed to adequately warn, caution, place signs, or otherwise make safe the Dangerous Condition existing on or about the Premises.

15. That Defendants, including DOE EMPLOYEES, had a non-delegable duty to Plaintiff to keep the Premises safe and, despite this, Defendants negligently, carelessly and/or recklessly created, maintained and/or allowed the Dangerous Condition to exist.

16. That as a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries to, including, but not limited to, her back, hips, shoulder, knee, bodily limbs, organs and

systems, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damages in a sum in excess of $15,000.00.

17. That as a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatment for the aforementioned injuries and that said services, care and treatment shall continue into the future all to Plaintiff's damages in a sum in excess of $15,000.00.

18. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

19. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FIRST CAUSE OF ACTION
*(Negligence and Respondeat Superior)*

20. Plaintiff incorporates paragraphs 1 through 19 of the Complaint as though said paragraphs were fully set forth herein.

21. That Defendants, as the owners, maintainers, managers, operators, constructors, installers, inspectors, creators, controllers and/or otherwise responsible parties of the Premises, owed Plaintiff a duty of care to provide a safe environment, free from dangerous conditions.

22. That Defendants owed Plaintiff a duty of care to adequately maintain and inspect the Premises to ensure that the Premises was free from dangerous conditions, and ensure the performance thereof.

23. That Defendants owed Plaintiff a duty to track and investigate the cause of common known dangerous conditions at the Premises, like the Dangerous Condition, and to take preventative or corrective measures in response thereto.

24. Upon information and belief, Defendants knew or reasonably should have known that there is a higher risk for conditions like the Dangerous Condition to occur near the flower display where substances are known to collect on the floor, thereby creating slip hazards.

25. That Defendants owed Plaintiff a duty of care to warn Plaintiff of any non-obvious and dangerous conditions on the Premises.

26. That Defendants knew or reasonably should have known that the Dangerous Condition existed on the Premises.

27. Upon information and belief, Defendants, at all times relevant herein, breached the aforementioned duties of care by, among other things:

    a. Failing to provide Plaintiff with a safe environment, free from hazards that were or should have been recognized by Defendants;

    b. Failing to properly inspect the Dangerous Condition, which ultimately caused Plaintiff's injuries and damages;

    c. Creating, permitting and allowing the Dangerous Condition to remain for an unreasonable period of time despite actual and/or constructive notice;

    d. Failing to properly warn of the non-obvious Dangerous Condition;

    e. Failing to have adequate policies and procedures to prevent, detect and make safe dangerous conditions on the Premises; and

    f. Otherwise acting in a negligent and careless manner by failing to exercise the degree of care required under the circumstances.

28. Upon information and belief, at all times relevant herein, Defendants' employees, representatives and/or authorized agents, including DOE EMPLOYEES, contributed to and/or caused the circumstances resulting in the subject incident described above, and said employees, representatives and/or agents were acting within the course and scope of such employment and/or agency at the time.

29. Upon information and belief, Defendants are liable for the subject negligent acts of their employees, representatives and/or agents under the doctrine of vicarious liability/respondeat superior.

30. That it was reasonably foreseeable that Defendants' breach of the aforementioned duties of care would cause injury to persons on the Premises, including Plaintiff.

31. That as a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to her body, limbs, organs and/or systems, all or some of which conditions may be permanent and disabling and all to Plaintiff's damage in a sum in excess of $15,000.00. That said services, care and treatment shall continue into the future.

32. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

33. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

///

## SECOND CAUSE OF ACTION
### (*Negligent Hiring*)

34. Plaintiff incorporates paragraphs 1 through 33 of the Complaint as though said paragraphs were fully set forth herein.

35. Defendants owed Plaintiff several duties including, but not limited to, the following:

   a. The duty to keep Plaintiff safe from the negligent acts of their employees, agents and representatives;

   b. The duty to provide and hire responsible employees, agents and representatives, including implementing adequate policies and procedures therefor; and

   c. The duty to conduct reasonable investigations into the backgrounds of their employees, agents and representatives.

36. Upon information and belief, Defendants breached these duties by, among other things:

   a. Hiring individuals, including DOE EMPLOYEES, who were not qualified and/or competent for their positions;

   b. Failing to conduct a reasonable and thorough investigation into the personal background and employment history of their employees, agents and representatives;

   c. Failing to implement adequate policies and/or procedures for hiring employees, agents and representatives; and/or

   d. Failing to adequately train their employees, agents and representatives, including DOE EMPLOYEES.

37. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

38. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## THIRD CAUSE OF ACTION
### *(Negligent Training and Supervision)*

39. Plaintiff incorporates paragraphs 1 through 38 of the Complaint as though said paragraphs were fully set forth herein.

40. Defendants owed Plaintiff the duty to exercise reasonable care in the training and supervision of any and all employees, agents and representatives, including DOE EMPLOYEES.

41. This duty required Defendants to train and supervise employees, agents and representatives, including DOE EMPLOYEES, to ensure that these employees, agents and representatives acted without negligence.

42. Upon information and belief, Defendants breached this duty when they failed to properly train and supervise employees, agents and representatives, including DOE EMPLOYEES, whose negligence caused injury to Plaintiff as alleged herein, including, but not limited to, training and supervision regarding the eradication, prevention, detection, and warning of dangerous conditions, including the subject Dangerous Conditions and those similar thereto.

43. If Defendants had properly trained and supervised their employees, agents and representatives, this negligence would not have occurred.

44. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

45. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FOURTH CAUSE OF ACTION
### *(Neglient Retention)*

46. Plaintiff incorporates paragraphs 1 through 45 of the Complaint as though said paragraphs were fully set forth herein.

47. Defendants owed Plaintiff the duty to exercise reasonable care in the retention of employees, agents and representatives, including DOE EMPLOYEES.

48. Upon information and belief, Defendants breached this duty when they negligently retained employees, agents and representatives, including DOE EMPLOYEES, even though they knew, or should have known, that these employees, agents and representatives lacked the qualifications and/or competence for their position.

49. That as a direct and proximate result of Defendants negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

50. That as a direct and proximate result of Defendants negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

///

///

///



**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LISA YALOVICH, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them, as follows:

1.  For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2.  For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

3.  For reasonable attorney's fees and costs;

4.  For interest at the statutory rate; and

5.  For such other relief as the Court deems just and proper.

DATED this 18th day of June, 2020.

<div style="margin-left:40%">

NAQVI INJURY LAW

*/s/ Paul G. Albright*

By: _____

FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
9500 W Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*

</div>